UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK AUSTIN,

Plaintiff,

-against-

PASTA DE PASTA LLC
and 192-4 1 ST AVE NPG, LLC,

Defendants.

Case No.: 1:24-cv-08563-VSB

**VERIFIED ANSWER WITH COUNTER AND CROSS CLAIMS**

COUNSEL:

The defendant(s), 192-4 1 ST AVE NPG, LLC, (hereinafter "defendant[s]"), by its/their attorneys, RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN LLP, as and for an Answer to the Complaint of the plaintiff herein, respectfully alleges upon information and belief:

**RESPONSE TO "NATURE OF THE CLAIMS"**

FIRST: Deny each and every allegation contained within ¶¶ 1 and 2 of the complaint and refer all questions of law and fact to the Court and trier thereof.

**RESPONSE TO "JURISDICTION AND VENUE"**

SECOND: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 3 and 4 of the complaint.

**RESPONSE TO "PARTIES"**

THIRD: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 5 and 6 of the complaint.

FOURTH: Deny the allegations as stated in ¶ 7 of the complaint, except to affirmatively state, upon information and belief, that answering defendant 192-4 1st Ave NPG, LLC is the fee

holder of the premises located at 192 1st Avenue, New York, NY 10009, which leases the northern portion of the ground floor retail space and portion of the basement underneath in the building, and beg leave to refer to all information and documents obtained through formal discovery channels, and otherwise refer all questions of law and fact to the court and trier thereof.

FIFTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 8 and 9 of the complaint.

**RESPONSE TO "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"**

SIXTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 10 and 11 of the complaint.

SEVENTH: Deny each and every allegation contained within ¶ 12 of the complaint, and refer all questions of law to the court.

EIGHTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 13, 14, 15, 16, 17, 18, 20, 21 of the complaint.

NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 19 of the complaint, except to expressly deny, upon information and belief, the allegation that plaintiff attempted to access the establishment operated by co-defendant Pasta de Pasta LLC, and beg leave to refer to all documents and information obtained through formal discovery channels.

TENTH: Deny each and every allegation contained within ¶¶ 22, 23, 24, 25, 27, 28, 29, 30 and each and every subpart thereof of the complaint, as well as ¶¶ 31, 32, 34, 35, 36 of the complaint.

ELEVENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 26, 37, 38 of the complaint.

TWELFTH: Paragraph 33 of the complaint no statements constituting allegations that warrant a response; to the extent a response is required, all allegations within said paragraph are denied in their totality, including any implication that violation(s) of law exist.

**RESPONSE TO "FIRST CAUSE OF ACTION"**

THIRTEENTH: Defendant repeats, reiterates and realleges all responses to each and every allegation incorporated by reference into ¶ 39 of the complaint, as if more fully stated herein.

FOURTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 40 of the complaint.

FIFTEENTH: The allegations contained within ¶¶ 41-42 and 49 of the complaint contain statements of law or legal conclusions to which no response is required, but which are in any event denied in toto to the extent a response is required, and refer all questions of law to the court.

SIXTEENTH: Deny each and every allegation contained in ¶¶ 43 – 48, 50 – 54 of the complaint and refer all questions of law to the court.

**RESPONSE TO "SECOND CAUSE OF ACTION"**

SEVENTEENTH: Defendant repeats, reiterates and realleges all responses to each and every allegation incorporated by reference into ¶ 55 of the complaint, as if more fully stated herein.

EIGHTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 56 of the complaint.

NINETEENTH: Deny, upon information and belief, each and every allegation contained within ¶¶ 57 – 64 of the complaint, and beg leave to refer to all information and documents obtained through formal discovery channels and refer all questions of law and fact to the court and trier thereof.

**RESPONSE TO "THIRD CAUSE OF ACTION"**

TWENTIETH: Defendant repeats, reiterates and realleges all responses to each and every allegation incorporated by reference into ¶ 65 of the complaint, as if more fully stated herein.

TWENTY-FIRST: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 66 of the complaint.

TWENTY-SECOND: The statements within ¶ 67 do not contain factual allegations to which a response is required, and otherwise deny that the subject establishment has violated any applicable law and therefore deny plaintiff's claim of entitlement to relief and refer all questions of law to the court.

TWENTY-THIRD: Deny each and every allegation contained within ¶¶ 68 – 77 and refer all questions of law to the Court.

**RESPONSE TO "FOURTH CAUSE OF ACTION"**

TWENTY-FOURTH: Defendant repeats, reiterates and realleges all responses to each and every allegation incorporated by reference into ¶ 78 of the complaint, as if more fully stated herein

TWENTY-FIFTH: Deny each and every allegation contained within ¶¶ 79 – 80 of the complaint, and refer all questions of law to the court.

**RESPONSE TO "INJUNCTIVE RELIEF"**

TWENTY-SIXTH: Deny each and every allegation contained within ¶¶ 81 – 83 of the complaint, and refer all questions of law to the court.

**RESPONSE TO "DECLARATORY RELIEF"**

TWENTY-SEVENTH: Deny each and every allegation contained within ¶ 84 of the complaint, and refer all questions of law to the court.

**RESPONSE TO "FEES, EXPENSES AND COSTS"**

TWENTY-EIGHTH: Deny each and every allegation contained within ¶ 85 of the complaint, and refer all questions of law to the court.

**RESPONSE TO "PRAYER FOR RELIEF"**

TWENTY-NINTH: Deny each and every allegation and/or claim to entitlement o relief contained within the paragraph beginning with "WHEREFORE" of the complaint, and each and every subpart thereto, and refer all questions of law to the court.

**AS AND FOR A 1ST AFFIRMATIVE DEFENSE**

THIRTIETH: The complaint fails to state a cause of action cognizable in law or equity against the answering defendant and the complaint must therefore be dismissed.

**AS AND FOR A 2ND AFFIRMATIVE DEFENSE**

THIRTY-FIRST: Plaintiff lacks standing to maintain this action.

**AS AND FOR A 3RD AFFIRMATIVE DEFENSE**

THIRTY-SECOND: Plaintiff's claims are barred by the applicable statute of limitations.

**AS AND FOR A 4TH AFFIRMATIVE DEFENSE**

THIRTY-THIRD: Removal of the alleged barriers and/or alternative access requirements with respect to the Premises are not readily achievable and, therefore, not required.

**AS AND FOR A 5TH AFFIRMATIVE DEFENSE**

THIRTY-FOURTH: The injunctive relief sought by plaintiff would require fundamental changes to the Premises, is an undue burden, impractical, and/or is not structurally, technically, or financially feasible, are not readily achievable, not otherwise required by law, statute, regulation or industry standards, inclusive of the subject premises being situated in an historic and/or landmark district, and the premises itself being so designated as an historic landmark.

**AS AND FOR A 6TH AFFIRMATIVE DEFENSE**

THIRTY-FIFTH: Plaintiff failed to provide the requisite prior notice and/or otherwise failed to satisfy the conditions precedent to commencing this action.

**AS AND FOR A 7TH AFFIRMATIVE DEFENSE**

THIRTY-SIXTH: The Premises is an existing facility within the meaning of the Americans with Disabilities Act and any other applicable statues or regulations.

**AS AND FOR AN 8TH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: Neither the Americans with Disabilities Act, nor any other state or local counterpart, is applicable to the Premises insofar as, *inter alia*, the Premises was constructed prior to the enactment of the Americans with Disabilities Act.

**AS AND FOR A 9TH AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH: Plaintiff has not suffered any injury in fact or damages, and/or failed to mitigate any damages that were allegedly suffered.

**AS AND FOR A 10TH AFFIRMATIVE DEFENSE**

THIRTY-NINTH: Upon information and belief, co-defendant's employees are available to assist customers and have cured any violations of the statutes invoked by plaintiff in this action to the extent any existed.

**AS AND FOR AN 11TH AFFIRMATIVE DEFENSE**

FORTIETH: Upon information and belief, plaintiff's claims are moot because the injunctive relief requested by plaintiff in the Complaint has already been implemented.

**AS AND FOR A 12TH AFFIRMATIVE DEFENSE**

FORTY-FIRST: Defendant is not responsible for remediating the alleged architectural barriers at issue in the Complaint.

**AS AND FOR A 13TH AFFIRMATIVE DEFENSE**

FORTY-SECOND: Defendant has complied with all applicable federal, state, and local laws, rules, and regulations and has acted reasonable in all respects at all relevant times herein.

**AS AND FOR A 14TH AFFIRMATIVE DEFENSE**

FORTY-THIRD: Plaintiff is not entitle to attorneys' fees, compensatory, statutory or punitive damages.

**AS AND FOR A 15TH AFFIRMATIVE DEFENSE**

FORTY-FOURTH: Plaintiff's claims are barred by all available equitable defenses, including but not limited to laches, fraud upon the court, and unclean hands.

**RESERVATION OF RIGHTS**

FORTY-FIFTH: Defendant reserves the right to assert and raise any other defenses available to it as discovery progresses, including its impleader rights.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial as provided by the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

**COUNTERCLAIMS**

As for counterclaims against Plaintiff, this answering defendant alleges, upon information and belief:

FORTY-SIXTH: Plaintiff commenced the present action against defendants before the above-captioned court on or about 11/12/24.

FORTY-SEVENTH: That, upon information and belief, since late November 2024 through the present, within the Southern District of New York alone, plaintiff, by and through the law office of the Gabriel A. Levy, P.C., has filed or caused to be filed or commenced no less than

**sixteen (16) <u>identically plead ADA actions</u>**, in which plaintiff — who allegedly is **<u>wheelchair bound from a prior spinal injury</u>** — claims to have personally visited various establishments in mid and downtown Manhattan.

FORTY-EIGHTH: In this action, he claims to have personally visited or attempted to visit to patronize — but was thwarted due to alleged architectural barriers — the subject establishment on 10/16/24 (¶ 19).

FORTY-NINTH: Plaintiff, however, also appears to have unluckily frustrated in similar attempts to visit establishments elsewhere in the City of New York that, just so happens, allegedly also have architectural barriers, for which he also brought **<u>identical ADA actions</u>**.

| | Docket #: | Case Name: | Filed/Closed | Date Visited | Location |
|---|---|---|---|---|---|
| **1.** | 1:24-cv-08498-GHW | Austin v. Hearth Rest. | 11/8/24 | 10/6/24 | 403 E 12th St. |
| **2.** | 1:24-cv-08164-JPO | Austin v. Eight Oranges | 10/28/24 | 10/7/24 | 13 St. Marks Place |
| **3.** | | | | | |
| **4.** | 1:24-cv-09233-JMF | Austin v. Hasaki | 12/3/24 | 10/9/24 | 210 E. 9th St. |
| **5.** | 1:24-cv-07773-MMG | Austin v. Layers 14 LLC | 10/14/24/1/8/25 | 10/9/24 | 209 E. 14th St. |
| **6.** | 1:24-cv-07998-VEC | Austin v. Hinomaru | 10/21/24 | 10/10/24 | 25 St. Marks Place |
| **7.** | 1:24-cv-08396-JAV | Austin v. 355 Restaurant | 11/4/24 | 10/10/24 | 355 Bowery |
| **8.** | 1:24-cv-09877-VSB | Austin v. Miso Sushi Inc | 12/22/24 | 10/12/24 | 328 E. 6th St. |
| **9.** | 1:24-cv-08563-VSB | Austin v. Pasta De Pasta | 11/12/24 | 10/16/24 | 192 1st Ave. |
| **10.** | 1:24-cv-08286-JAV | Austin v. Windy Point | 10/31/24/01/10/25 | 10/19/24 | 508 Greenwich St. |
| **11.** | 1:24-cv-08994-MMG | Austin v. Principessa | 11/25/24 | 10/21/24 | 199 Prince St. |
| **12.** | 1:24-cv-09456-VSB | Austin v. Sigiri NY, et al | 12/11/24 | 10/25/24 | 91 1st Ave. |
| **13.** | 1:24-cv-09936-LJL | Austin v. Aru NY LLC | 12/25/24 | 10/25/24 | 324 E. 6th St. |
| **14.** | 1:25-cv-00101-JPC | Austin v. Mazi Hosplty. | 1/05/25 | 11/20/24 | 1066 2nd Ave. |
| **15.** | 1:24-cv-09997-MMG | Austin v. Sukhumvit 51 | 12/29/24 | 12/8/24 | 224 E. 51st St. |
| **16.** | 1:25-cv-00267-LJL | Austin v. M&J Café et al | 1/12/25 | 12/12/24 | 70 Hester St. |

FIFTIETH: What is more remarkable is that plaintiff seeks out and attempts to visit – to satisfy an alleged desire for specific food or other services offered in the other 15 establishments

frequently and, as alleged in those other complaints, sometimes *on the same day or within days of claiming to have visited (or attempted to visit and patronize) other establishments upon which he identically sues under the ADA.*

FIFTY-FIRST: The filing of the within action by plaintiff, it is apparent, constitutes an abusive pattern of annoyance and harassment in that the action was not filed to redress any injury sustained by Plaintiff as a result of Defendant's alleged conduct, but rather the **action was manufactured** and filed primarily to harass and annoy defendant and tax the resources of this Court.

FIFTY-SECOND: Plaintiff **does not have standing** under Calcano v. Swarovski North America Ltd., 36 F.4th 68 (2d Cir. 2022).

FIFTY-THIRD: It is readily apparent from just a cursory review of all 16 complaints plaintiff has filed to-date in the Southern District of New York alone that he, at best invokes magic verbiage within his complaint in an effort to evade this Court's jurisdictional scrutiny recently fortified by the Second Circuit in Calcano, *e.g.*, that he resides nearby or travels in and around the vicinity of the sued-upon establishment and plans to return.

FIFTY-FOURTH: Post-Calcano, **courts need no longer "sit idly by as plaintiffs' attorneys [] exploit[] the ADA for financial gain"** on the backs of small businesses, particularly post-Covid-19. Phillips v. 180 Bklyn Livingston, LLC, No. 17-cv-325 (BMC), 2017 WL 2178430, at * 2 (EDNY May 17, 2017).

FIFTY-FIFTH: Indeed, courts need not "ignore the broader context" of plaintiff's **"transparent cut-and-paste and fill-in-the-blank pleadings",** a "backdrop of plaintiff's Mad-Libs-style" of pleadings **that "further confirms the implausibility of [his] claims of injury**" (Calcano, 36 F.4th at 77).

FIFTY-SIXTH:  The specter of implausibility of plaintiff's claim is further underscored by the **multitude of virtually identically plead complaints** in the Southern District of New York alone, all of which follow a familiar pattern and playbook.

FIFTY-SEVENTH:  The within action by Plaintiff, therefore, was not filed in good faith and with a reasonable belief as to the facts asserted therein, since Plaintiff knew that he has not sustained any injuries, lacks standing, has never actually visited the premises, and that any injuries claimed to have been sustained were not due to Defendant's actions or inactions, that he in fact has sustained no injury, and has commenced, filed and caused to be filed this latest in a string of virtually identically plead actions for purposes other than to seek legal redress.

FIFTY-EIGHTH:  Thus, as this answering defendant has retained the law office of Rubin Paterniti Gonzalez Rizzo Kaufman LLP, and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S. C. § 1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

FIFTY-NINTH:  Accordingly, this answering defendant respectfully requests that the Court enter judgment against plaintiff, in favor of this answering defendant, for an award of counsel fees, costs and disbursements, together with such further and different relief as the Court may deem just and proper.

SIXTIETH:  Defendant has been harmed by Plaintiff's willful act in that it has and/or will have incurred attorneys' fees, costs and disbursements, in the defense of this action necessitated by the foregoing.

WHEREFORE, Defendant respectfully requests that:

SIXTY-FIRST: The complaint be dismissed, with prejudice for want of standing.

SIXTY-SECOND: Defendant recover judgment against plaintiff on its counterclaim for damages comprising reasonable attorneys' fees, costs and disbursements, in an amount to be determined by the court at a future hearing date.

SIXTY-THIRD: Defendant to be awarded fees, costs and disbursements against plaintiff; and

SIXTY-FOURTH: Defendant to be granted such other and further relief as this Court deems just and proper.

## CROSSCLAIMS

### AS AND FOR A 1ST CROSS CLAIM AGAINST CO-DEFENDANT(S) (Contractual Defense and Indemnification)

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into lease whereby co-defendant agreed to indemnify and hold harmless defendant with respect the claims and allegations asserted by plaintiff in the Complaint.

Upon taking possession, Tenant acknowledged it was fully familiar with the condition of the premises and agreed to accept possession of the Premises 'as-is'" with no further obligation of the Landlord to perform any work or prepare same for occupancy. Relatedly, Landlord made no representations as to the suitability of the premises or the legality of the Authorized Use within the premises.

Moreover, pursuant to said lease agreement, co-defendant agreed "at its own expense and at no expense to Landlord, [to] comply in the Demised Premises with present or future requirements under all applicable laws, regarding any conditions, non-structural, foreseen or unforeseen, including but without limitation, American with Disabilities Act".

Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant including but not limited to the payment of any judgment rendered against defendant, and for all of their attorneys' fees, costs and disbursements.

**AS AND FOR A 2ND CROSS CLAIM**
**AGAINST CO-DEFENDANT(S)**
**(Failure to Procure Insurance Coverage in Favor of Defendant)**

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into a lease whereby co-defendant agreed to procure insurance policies that named defendant as an additional insured, and among the terms and conditions of the lease, co-defendant agreed to obtain and maintain insurance coverage at its own expense in favor of defendant covering the circumstances giving rise to plaintiff's alleged damages. That said insurance procurement obligation required co-defendant to procure insurance with limits of not less than $2,000,000, and cause landlord to be named therein as an Additional Insured.

Upon information and belief, co-defendant failed to procure and obtain such insurance coverage required by the lease and/or failed to name defendant as an additional insured on any such policy.

Accordingly, defendant has been damaged and co-defendant is responsible for defendant's payments and discharge of its liability to the extent of the required policy limits and the cost of defending and indemnifying against plaintiff's claims.

**AS AND FOR A 3RD CROSS CLAIM**
**AGAINST CO-DEFENDANT(S)**
(Common Law Indemnification)

That if plaintiff was caused to sustain the injuries alleged in the verified complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable conduct other than plaintiff's own, all of which are denied by answering defendant(s), then such damages were caused wholly and solely by reason of the negligence, recklessness, carelessness and/or breach of duty, contract, warranties (express or implied), or otherwise through any fault or culpable conduct of co-defendant(s) by themselves and/or by or through or in concert with its/their agents, servants, independent contractors, sub-contractors and/or their agents, servants and employees, over whom answering defendant(s) had no control, by recklessly, negligently, and carelessly failing to properly perform the services rendered or work provided, and otherwise to properly maintain, operate, manage, supervise and direct said work and/or operation, without any negligence or culpability of the answering defendant(s).

Accordingly, if answering defendant(s) is/are found liable to plaintiff herein, then defendant(s) hereby demand(s) judgment over and against co-defendant(s) for common law indemnification for the full amount of any judgment which may be obtained herein by plaintiff against answering defendant(s), together with attorneys' fees, costs and disbursements expended in this action.

**AS AND FOR A 4TH CROSS CLAIM**
**AGAINST CO-DEFENDANT(S)**
(Common Law Contribution)

That, upon information and belief, if plaintiff was caused to sustain the injuries alleged in the verified complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable other than plaintiff's own, which is hereby denied in its entirety, then such damages were caused in whole or in part due to such culpable conduct of co-defendant(s), singularly or together or in concert with their contractors and/or sub-contractors, and/or their respective agents, servants and/or employees, with the answering defendant(s) bearing only, if at all, secondary, derivative, vicariously at fault, or otherwise by operation of law.

Accordingly, if this/these answering defendant(s) is/are found liable to plaintiff, then answering defendant(s) is/are hereby entitled to contribution from, and have judgment over and against, co-defendant(s) for the amount of any judgment deemed proportionate to each and every co-defendant as adjudged between all defendants herein.

WHEREFORE, defendant(s) **192-4 l ST AVE NPG, LLC** hereby demand(s) judgment dismissing the Complaint together with costs, disbursements, and expenses of this action including attorneys' fees; alternatively, answering defendant(s) demand(s) judgment on each of its counterclaims against plaintiff and cross claims against co-defendant(s), together with reasonable attorneys' fees, costs and disbursements; together with such further and different relief as this Court deems just and proper.

Dated: New York, New York
January 14, 2025

Yours, etc.,

RUBIN PATERNITI GONZALEZ
RIZZO KAUFMAN LLP

By: ______________________________
JUAN C. GONZALEZ, ESQ.

Attorneys for Defendant(s)
**192-4 l ST AVE NPG, LLC**
800 Third Avenue, 9th Floor
New York, NY 10022
Tel: (646) 809-3370
gonzalez@rpgklaw.com
File No.: 38240.12213

TO: All Counsel of Record via CM/ECF

**ATTORNEY VERIFICATION**

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

JUAN C. GONZALEZ, being duly sworn, deposes and says:

That he is a member of the firm of attorneys representing the defendant(s) **192-4 l ST AVE NPG, LLC**. That he has read the attached Verified Answer to the Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and as to those matters he believes them to be true to the best of his knowledge.

That deponent's sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

That this verification is made by deponent because his clients do not reside within the county where deponent maintains his office and/or because deponent is the attorney for the corporate defendant(s).

JUAN C. GONZALEZ

Sworn to before me this
14th day of January, 2025

NOTARY PUBLIC

VERONICA ARIANA BRICENO RAVAN
Notary Public, State of New York
No. 01BR6435461
Qualified in Kings County
Commission Expires July 11, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATR!CK AUSTIN,

Plaintiff,

Case No.: 1:24-cv-08563-VSB

-against-

PASTA DE PASTA LLC
and 192-4 l ST AVE NPG, LLC,

Defendants.

---

**VERIFIED ANSWER WITH COUNTERCLAIMS AND CROSS CLAIMS**

---

RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN LLP
*Attorneys for Defendant(s)*
**192-4 l ST AVE NPG, LLC**
Office and Post Office Address
800 Third Avenue, 9th Floor
New York, New York, 10022
Telephone (646) 809-3370

---

***TO: ALL PARTIES***

---